UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY DOE, et al.,<br><br>    Defendants. | Case No. 16-cv-01167-EMC<br><br>**ORDER GRANTING DEFENDANT HOMEWARD BOUND'S MOTION TO DISMISS**<br><br>Docket No. 17 |

    Plaintiff Monica Lewis ("Ms. Lewis") filed suit on March 9, 2016, alleging housing discrimination, racial discrimination, defamation, and libel and/or slander. *See* Docket No. 1 at 1 ("Complaint"). Her Complaint named as defendants Homeward Bound of Marin, Kimberly Doe, Carlos Doe, Ella Doe, and Does 1-20. *See id*. Ms. Lewis amended her complaint on March 21, to add a prayer for relief. *See* Docket No. 9 ("First Amended Complaint," or "FAC"). Defendant Homeward Bound of Marin ("Homeward Bound") moved to dismiss on May 5, 2016. *See* Docket No. 17 ("Motion"). Ms. Lewis failed to oppose the Motion, and the Court issued an Order to Show Cause. *See* Docket No. 22. Ms. Lewis objected to the Motion on June 17, 2016. *See* Docket No. 24 ("Objection"). She also filed a new complaint. *See* Docket No. 23 ("Second Amended Complaint," or "SAC").

    At the Case Management Conference, the Court informed the parties that it would consider all three of Ms. Lewis's complaints as one integrated pleading. *See* Docket No. 33. The Court also gave Ms. Lewis until August 4, 2016, to properly oppose Defendant's Motion. Ms. Lewis then timely filed her Opposition. *See* Docket No. 36 ("Opposition").

    The Court concludes no hearing is necessary. The Motion hearing scheduled for August 25, 2016 is **VACATED**. Pursuant to Civil Local Rule 7–1(b), the Court finds that this matter is

appropriate for decision without oral argument and is deemed submitted.  *See* N.D. Civ. L.R. 7–1(b).

## I. BACKGROUND

Ms. Lewis lived in an apartment in Mill Valley, California.  Compl. at 1.  Her housing is arranged by Homeward Bound, which leases properties and gives participants in its program the opportunity to live in those properties.  *See generally* Compl.; Docket No. 33.

Ms. Lewis was removed from her Mill Valley apartment in February 2016.  Compl. at 2.  The property owner told Homeward Bound that she had a restraining order against Ms. Lewis, and terminated Homeward Bound's lease.  *Id.*; Docket No. 33.  Ms. Lewis alleges the termination of the lease was racially motivated.

Ms. Lewis claims that, when she was removed from her apartment in Mill Valley, she was placed in an uninhabitable apartment in Novato.  She alleges the Novato apartment "is unsanitary and unclean," and that multiple fixtures do not work.  Compl. at 4, 10-17.  In her initial Complaint, Ms. Lewis also alleged she was being denied access to her belongings.   She seeks $705,000 in damages to treat medical conditions and enable her to buy a house.  *See* SAC at 2.

## II. MOTION TO DISMISS

Homeward Bound moved to strike or dismiss the FAC, arguing it was unintelligible, did not state a claim against Homeward Bound, and failed to state the basis of the Court's jurisdiction.  *See* Mot. at 2.

A.  Subject Matter Jurisdiction

  1.  Legal Standard

A defendant may move to dismiss based on a lack of subject matter jurisdiction.  Fed. R. Civ. Proc. 12(b)(1).  Because Ms. Lewis brought suit, she must provide facts showing this Court has jurisdiction.  *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir.1990) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).  The burden is on Ms. Lewis to demonstrate this Court has jurisdiction.  *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir.1989).

The Court may look beyond the pleadings when analyzing subject matter jurisdiction.  *See*

1  Fed. R. Civ. P. 12(d) (only 12(b)(6) and 12(c) motions are converted to motions for summary
2  judgment if matters outside the pleadings are considered).  However, the Court must accept as true
3  all material allegations in the complaint, and must construe the complaint in Ms. Lewis's favor.
4  *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1121 (9th Cir.2010).

5  The Court notes that Ms. Lewis's Opposition provides more facts to supplement her
6  allegations.  *See generally*, Opp.  Generally, this is not proper.  If Ms. Lewis has facts to allege,
7  they should be alleged in her complaint.  If the Court were ruling on Homeward Bound's motion
8  to dismiss for failure to state a claim, rather than its motion to dismiss for lack of subject matter
9  jurisdiction, it would have to disregard the facts included in Ms. Lewis's Opposition.  *See Broam*
10 *v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule
11 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such
12 as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original)
13 (quoting *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)); *see also*
14 *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1009 (N.D. Cal. 2015) ("argument in opposition
15 cannot cure a defect in the pleading").  Moreover, facts submitted in support of an argument
16 should be included in a sworn declaration, not merely in a brief.  *See* Civ. L. R. 7-5(a) ("Factual
17 contentions . . . must be supported by an affidavit or declaration and by appropriate references to
18 the record.").  However, because Ms. Lewis is a pro se plaintiff and because this Order rules on
19 Homeward Bound's motion to dismiss for lack of subject matter jurisdiction, the Court will
20 consider the facts included in Ms. Lewis's Opposition.  But should Ms. Lewis choose to amend
21 her Complaint, the Court cautions if there is a motion to dismiss, it will not in the future consider
22 facts not alleged in the complaint.

23     2.    Analysis
24         a.    Federal Funding Does Not Give Rise to Subject Matter Jurisdiction

25 Ms. Lewis argues that this Court has subject matter jurisdiction because she was
26 "discriminated against while participating in a federally funded program."  *See* Objection at 4; *see*
27 *also* SAC at 4.  However, federal funding alone does not give rise to subject matter jurisdiction.
28 In *Evans v. Sentry Property Management Corp.*, the plaintiff filed claims with the Boston

1 Housing Court. 852 F. Supp. 71 (D. Mass. 1994). Defendants removed the case to federal court, arguing the plaintiff's state claims were preempted by the National Housing Act. *Id*. at 72. The court rejected this argument, noting that all of the plaintiff's claims were based on Massachusetts's landlord/tenant law. *Id*. It held that " [i]t would be a dangerous precedent to hold that federal funding alone can transform that which is strictly a state cause of action into a federal case, for the consequence would be that federal courts would then become inundated by the minutiae of state litigation." *Id*. at 72-73; *see also Hous. Auth. of City of Bayonne v. Hanna*, No. CIV. A. 08-5988 FSH, 2009 WL 1312605, at *3 (D.N.J. May 11, 2009) (finding no subject matter jurisdiction, where complaint stated no claims under federal law, because "plaintiff's effort to collect money from defendants that the federal government provided does not convert the eviction proceeding into one which presents a federal question"). Similarly, in *Wong v. Community Health Center La Clinica*, the plaintiff sued a non-profit entity on state causes of action, and the entity attempted to remove to federal court on the basis that it received federal funding. No. CV-07-5004-FVS, 2007 WL 1246231, at *1 (E.D. Wash. Apr. 27, 2007). The court held that, "without more, the existence of federal funding is an inadequate foundation for subject matter jurisdiction." *Id*. at *3 (citing cases).

Thus, Ms. Lewis's reliance on federal funding to state a federal claim fails. The fact that Homeward Bound receives federal funding does not give rise to subject matter jurisdiction over Ms. Lewis's claims.

    b. <u>Ms. Lewis Has Not Otherwise Stated a Federal Cause of Action</u>

Here, Ms. Lewis alleges housing discrimination, racial discrimination, defamation, libel, and/or slander. *See* Compl. at 1. In her Opposition, she specified that she seeks to defend her "housing rights under Section 42 U.S.C. § 3631 and [her] civil rights under [the] Civil Rights Act of 1968." Opp. at 4. The Civil Rights Act of 1968, otherwise known as the Fair Housing Act, makes it "unlawful"

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

4

>  (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604. While the Fair Housing Act allows enforcement by private persons, *see* 42 U.S.C. § 3613, as discussed *infra*, Ms. Lewis has not successfully pled a civil claim. As Homeward Bound notes, Section 3631 of the Fair Housing chapter provides for criminal penalties, and thus does not apply in this civil suit. *See* 42 U.S.C. § 3631 (providing for fines and imprisonment). Ms. Lewis therefore does not have a separate cause of action under section 3631. While Ms. Lewis alleges she suffered housing discrimination on the basis of her race, a claim potentially actionable under the FHA, these claims lie against her former and current landlords, not against Homeward Bound for several reasons.

First, Ms. Lewis's factual claims of discrimination turn on her treatment by the *owner* of the Mill Valley apartment, not Homeward Bound.[1] Ms. Lewis alleges that she was removed from her home by the owner of the Mill Valley apartment, not by Homeward Bound. *See* Compl. at 2. ("*the owner* said . . . she had a restraining order on [Ms. Lewis] and the sheriff was coming."), 5 ("*the manager* and the neighbor just sprang up"), 7 ("I was told every *landlord* has to follow a protocol for evictions. *This landlord* did nothing by the rules . . . .") (emphasis added). At the Case Management Conference, Homeward Bound explained that the owner of the Mill Valley apartment terminated Homeward Bound's lease, and so Homeward Bound no longer had a lease to share with Ms. Lewis. Because Ms. Lewis alleges discriminatory behavior by the apartment owner and not by Homeward Bound, Ms. Lewis's claim for housing discrimination lies against that apartment owner and not against Homeward Bound.

Second, to the extent Ms. Lewis wishes to state a claim based on her current living conditions, her Opposition makes clear that this claim is against her current landlord, not against Homeward Bound. In her Opposition, Plaintiff states that she is being denied maintenance and

---

[1] In her Opposition, Ms. Lewis suggests that her neighbors in the apartment complex "conspired to remove [her] because [she] is black," and the landlord removed her "[b]ased on what [the neighbors] said." Opp. at 1-2, 17. If this is the case, then it appears that Ms. Lewis's harm was caused by these neighbors rather than by her former landlord. In that instance, Ms. Lewis would have no federal cause of action at all. However, because none of these parties have been served and all are impermissibly named as Doe defendants, see *infra*, this issue is not before the Court.

1    upkeep by the property managers of her current home. Opp. at 15. She says that if the property
2    managers continue to deny her maintenance, she will name them in this lawsuit. *Id*. ("If I have to
3    continue to . . . be ignored by Ignacio Hills as far as maintenance and up keep of the property then
4    they shall become part of this lawsuit . . . ."). This shows that Homeward Bound is not the
5    property manager of Plaintiff's current home. However, the Fair Housing Act prohibits Ms.
6    Lewis's current landlord from "discriminat[ing] against any person . . . in the provision of services
7    or facilities in connection []with [renting a dwelling], because of race, color, religion, sex, familial
8    status, or national origin." 42 U.S.C. § 3604(b). Thus, if Ms. Lewis chose to argue that her
9    current landlords refuse to maintain her apartment because of her race, she would be able to bring
10   a federal cause of action against those landlords. But because Homeward Bound does not
11   maintain Ms. Lewis's apartment, Ms. Lewis cannot state this federal cause of action against
12   Homeward Bound.

13   Third, the relief Ms. Lewis seeks from Homeward Bound confirms that she does not
14   accuse Homeward Bound of discrimination. In her Opposition, Ms. Lewis asks the Court to order
15   Homeward Bound to move Ms. Lewis to a new living situation so she can "get relief from this
16   Spanish community where [her] life is in danger." *Id*. at 8-9, 18. She argues that she lives in "the
17   most hostile Spanish community" which is "dangerous," and she "is under heavy surveillance by
18   the Mexican/Spanish staff." *Id*. at 9. She also argues this community presents "ungodly living
19   condition[s]," and that Homeward Bound lacks "ethics because they moved [her] into a nasty,
20   filthy, infested unit." *Id*. at 9, 13. That Ms. Lewis asks Homeward Bound to remove her from an
21   unpleasant housing situation reinforces the Court's conclusion that Ms. Lewis's complaint against
22   Homeward Bound, while perhaps based on *e.g.*, negligence, is not based on discrimination, and
23   thus fails to state a federal claim. Ms. Lewis's other claims, for defamation, libel, and slander are
24   causes of action under state law.

25   Finally, in her Opposition Ms. Lewis argued that Homeward Bound "attempted to change
26   or break long existing housing covenants barring blacks from residing in Marin County's all-white
27   communities. And it backfired." Opp. at ii. Ms. Lewis's argument that Homeward Bound tried
28   to defeat discriminatory policies is inconsistent with Homeward Bound engaging in racial

1 discrimination. At most, Ms. Lewis seems to allege that Homeward Bound negligently placed her
2 in a position where she suffered discrimination at the hands of another. *See id*. (The potential
3 negligence claim will be addressed, *infra*.)

4     In sum, Ms. Lewis has stated no federal cause of action against Homeward Bound.

        c.    The Court Does Not Have Supplemental Jurisdiction as to Ms. Lewis's Claim Against Homeward Bound

7     As noted above, besides Homeward Bound, Ms. Lewis has sued her former landlord, the
8 manager of her former apartment complex, and her former neighbor. *See* Compl. at 1, FAC at 1,
9 SAC at 1. These persons are named as Doe defendants. Federal courts do not generally permit the
10 use of Doe defendants. *See Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th
11 Cir. 1970) (citing cases); *see also Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d
12 800, 803 (9th Cir. 1995) (approving grant of summary judgment in favor of nonappearing party).
13 Because Ms. Lewis recites only that her former landlord is a Doe defendant, her causes of action
14 against that owner cannot be maintained in federal court. *See Buckheit v. Dennis*, 713 F. Supp. 2d
15 910, 918 n.4 (N.D. Cal. 2010) (dismissing claims against Doe defendants sua sponte). Even if
16 these persons were properly named, Ms. Lewis has not yet served them and so they are not yet
17 subject to this Court's jurisdiction. Ms. Lewis may only maintain an action against these persons
18 if she files an amended complaint that provides their first and last names, and if she serves that
19 amended complaint and a summons on them. *See* Fed. R. Civ. Proc. 4(c) ("A summons must be
20 served with a copy of the complaint").

21     Courts may exercise supplemental jurisdiction over state-law claims if they are "so related
22 to claims in the action within such original jurisdiction that they form part of the same case or
23 controversy." 28 U.S.C. § 1367. A state law claim is "part of the same case or controversy when
24 it shares a 'common nucleus of operative fact' with the federal claims and the state and federal
25 claims would normally be tried together." *Bahrampour v. Lampert,* 356 F.3d 969, 978 (9th Cir.
26 2004). The reference to a "common nucleus" suggests a factual overlap that "refers to something
27 at the heart or center of the subject in question, not to a matter that is peripheral or tangential,"
28 *Mason v. Richmond Motor Co., Inc.,* 625 F. Supp. 883, 886 (E.D.Va.1986). Here there is no valid

1 pending federal claim; and hence no basis on which to rest supplemental jurisdiction.

## III. CONCLUSION

Ms. Lewis does not state any federal causes of action against Homeward Bound. The Court thus lacks original subject matter jurisdiction as to these claims. The Court also cannot exercise supplemental jurisdiction over any state law claim against Homeward Bound. The Court thus **GRANTS** Homeward Bound's Motion and dismisses Ms. Lewis's claims against Homeward Bound.

Ms. Lewis has filed three pleadings and a fact-laden brief in an attempt to state a claim against Homeward Bound. With each pleading and brief, it becomes clearer that Ms. Lewis's federal causes of action are against her former private landlord. Because Ms. Lewis fails to state a federal cause of action against Homeward Bound, and has been given several opportunities to do so, the dismissal as to Homeward Bound is **with prejudice**.

However, as noted above, Ms. Lewis apparently seeks to advance possible federal causes of action against her former landlords. But this defendant has not been properly named and served. Thus, the case is dismissed with leave to amend as to the potential landlord defendant.

Plaintiff shall have thirty (30) days from the date of this order to properly name the landlord defendant; she also must serve that defendant within 120 days of this order. Failure to do so will result in dismissal of this entire action with prejudice.

This order disposes of Docket No. 17.

**IT IS SO ORDERED**.

Dated: August 19, 2016

_____
EDWARD M. CHEN
United States District Judge